UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott Yuhanick,

      Plaintiffs,                      Case No. 1:18cv243

      v.                          Judge Michael R. Barrett

Hwareh.com, *et al.*,

      Defendants.

## OPINION & ORDER

This matter is before the Court upon Defendants Hwareh.com, Inc. and Joseph Peters' Motion to Dismiss or Transfer for Improper Venue. (Doc. 7). Plaintiff Scott Yuhanick filed a Memorandum in Opposition (Doc. 16); and Defendants filed a Reply (Doc. 17).

### I.    BACKGROUND

Plaintiff Scott Yuhanick is the former Vice President of Business Development of Hwareh.com d/b/a HealthWarehouse.com ("HEWA"). HEWA is an online pharmacy with corporate headquarters in Florence, Kentucky. (Doc.1, ¶ 2). Defendant Joseph Peters is president and CEO of HEWA. (Doc. 1, ¶ 3). Peters is a resident of Kentucky. (Id.) Plaintiff is a resident of Columbiana, Ohio (Doc. 1, ¶ 1), which is outside the district of this Court.

Plaintiff alleges that between October 9, 2016 and November 2, 2017, Defendants failed to pay him overtime compensation in violation of the Fair Labor Standards Act. (Doc. 1, ¶¶ 60-68). Plaintiff also brings claims for breach of contract and unjust enrichment, based on the 2014 Sales Commission Agreement between HEWA and

Plaintiff.  (Doc. 1, ¶¶ 69-74, 75-80).

Defendants move to dismiss or transfer Plaintiff's Complaint based upon improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1391 and 26 U.S.C.§ 1406.

## II.     ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss or transfer a lawsuit on the basis of "improper venue."  Fed. R. Civ. P. 12(b)(3).  Where an action is brought in an impermissible forum, 28 U.S.C. § 1406(a) applies:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).  Therefore, under 28 U.S.C. § 1406(a), "[r]ather than dismiss the action when the issue is raised, a district court may, in its discretion, transfer the action to a permissible forum."  *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980).  A similar provision in 28 U.S.C. § 1631 permits transfer of a case when the court finds "a want of jurisdiction," if the court also finds that transfer to the appropriate district "is in the interest of justice."  *Stanifer v. Brannan*, 564 F.3d 455, 456 (6th Cir. 2009).  Transfer furthers the interest of justice where the relevant activities and contacts appear predominantly in the transferee court.  *See Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 741 (6th Cir. 2003).

The parties do not dispute that venue is improper in the Southern District of Ohio and is proper in the Eastern District of Kentucky.[1]  There is also no dispute that this action

---

[1]Under 28 U.S.C. § 1391, venue is proper in:

could have been brought in that district. In addition, Plaintiff does not object to the transfer of this matter to the Eastern District of Kentucky. (Doc. 16, PAGEID# 98).

Pursuant to 28 U.S.C. § 1406(a) and in the interest of justice, the case is transferred to the U.S. District Court for the Eastern District of Kentucky.

### III.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants Hwareh.com, Inc. and Joseph Peters' Motion to Dismiss or Transfer for Improper Venue. (Doc. 7) is **GRANTED in PART and DENIED in PART**;

    a. The Motion it GRANTED to the extent that it seeks transfer of this action;

    b. The Motion is DENIED to the extent that it seeks dismissal of the Complaint; and

2. This matter is hereby transferred to the U.S. District Court for the Eastern District of Kentucky at Covington.

**IT IS SO ORDERED.**

   /s/ Michael R. Barrett
   JUDGE MICHAEL R. BARRETT

---

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).